**UNITED STATES of America,**
Appellee,

v.

**Stephen J. DRESCHER, Defendant–Appellant.**

**No. 01–1705.**

United States Court of Appeals, Second Circuit.

Oct. 8, 2003.

James E. Neuman, Mischel, Neuman, & Horn, New York, NY, for Appellant.

Timothy Coleman (James B. Comey, William F. Johnson and James G. Cavoli, on the brief), Office of the United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Present: LEVAL, SACK, Circuit Judges, and KORMAN, District Judge.*

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

Defendant appeals from a judgment of conviction after jury trial in the United States District Court for the Southern District of New York (Preska, J.), on charges of conspiracy to commit securities fraud in connection with initial public offerings ("IPOs") of several securities, 18 U.S.C. § 371, and securities fraud in the IPO of Chem International, Inc. 15 U.S.C. §§ 78j(b), 78ff. Defendant advances numerous contentions. All but one are clearly without merit. His only contention that has some facial merit does not justify overturning his conviction.

■ Drescher's first contention is that the evidence was legally insufficient to support his conviction. We find that the evidence was fully adequate. It showed that the defendant conspired with colleagues to defraud investors in the IPOs by means of false and fraudulent statements and omissions. The conspirators rigged the market, selling at artificially inflated prices shares far in excess of the number being offered in the IPO, having arranged to cover the resulting short positions through secret agreements to purchase at much lower prices blocks of shares falsely stated in the offering documents to be covered by lock-up agreements. Dresher's contention that the evidence was insufficient is based largely on his contention that some of the government's witnesses were not trustworthy.

Nonetheless, the jury was entitled to accept their testimony, and the evidence the government offered was wholly sufficient to support a finding of guilt.

■ Defendant's next contention is that the court erred in denying his motion to suppress his testimony given in an investigation conducted by the National Association of Securities Dealers ("NASD"), and should in any event have held a hearing on the motion. The defendant's theory was that the United States Attorney prevailed upon the NASD to take the defendant's testimony so as to circumvent the privilege the defendant would have asserted had he been questioned by the prosecutor. In his motion to suppress, the defendant furnished no evidence to support his contention, and the government denied the accusation. There was no reason to suppress the testimony, and no obligation to hold a hearing.

■ Drescher contends the Assistant United States Attorney committed two prejudicial errors in the course of his rebuttal summation. He argues that the AUSA improperly reversed the burden of proof by commenting to the jury that the defendant was free to use the subpoena power to compel the testimony of witnesses. He adds that the argument was pernicious because the AUSA knew the witnesses would assert their privilege to refuse to testify, and the government had refused to immunize them so as to deprive them of their privilege under the Fifth Amendment. The latter contention was not advanced in the district court. It is made for the first time on appeal. We do not consider it. The first contention is wholly without merit. The defendant had suggested to the jury in his summation that by not calling certain witnesses the

---

\* The Honorable Edward R. Korman, Chief Judge, United States District Court for the Eastern District of New York, sitting by designation.

prosecutor had effectively concealed from the jury evidence that would have been favorable to the defense. The prosecutor was entitled to point out in response that the defendant "also has a ... right to call witnesses if he wants to." *See United States v. Panza*, 750 F.2d 1141, 1153 (2d Cir.1984).

■ Appellant's only contention that has some facial plausibility relates to another comment made by the AUSA during the rebuttal. The AUSA noted that Belfort, one of the defendant's coconspirators, who had pleaded guilty and testified for the government to the effect that he had taught Drescher the tricks of fraudulently rigging an IPO, had taken responsibility for his criminal conduct but that Dresher did not "want to be like Jordan Belfort anymore" in that he "doesn't want to" take responsibility. After Drescher's counsel objected and the court reminded the jury that the defendant is presumed innocent and has no burden of proof, the AUSA finished the thought saying, "[I]t's time for [Drescher] to take responsibility for the crimes he has committed. That's where you come in. It's time because you have the power to decide that [Drescher] is guilty beyond a reasonable doubt." In response to the defendant's motion for a mistrial arguing that the remark amounted to an improper criticism of the defendant for not pleading guilty, the court expressed the view that the import of the remark in context was that it was up to the jury to impose responsibility on the defendant by finding him guilty. In the final charge to the jury, the court gave curative instructions insuring that the jury would not be misled by the prosecutor's statement.

■ The government seeks to justify the remark by arguing that the AUSA's intent was only to urge the jury to require the defendant to take responsibility by finding him guilty, and that the district court so understood it. What a prosecutor *intends* may be of interest, but what the jury hears is what is said. It is of course improper for a prosecutor to criticize a defendant for his failure to plead guilty. The remark should not have been made. However, given the potential ambiguity of the remark, the innocuous interpretation drawn by the district judge, the strength of the evidence against Drescher, and the district court's instructions to the jury, which insured the jury's proper understanding of the defendant's rights, we find that the incident was harmless beyond a reasonable doubt and had no effect on the jury's deliberations.

We have considered appellant's other arguments, and find them to be without merit. Accordingly we affirm the conviction.